*Banjade v. Garland*

BIA
Christensen, IJ
A 208 597 272

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand twenty-one.

PRESENT:
    JON O. NEWMAN,
    DENNY CHIN,
    RICHARD J. SULLIVAN,
        *Circuit Judges.*

_____

BHARAT CHANDRA BANJADE
        *Petitioner*,

        v.                                                      20-416
                                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent*.

_____

**FOR PETITIONER**:             Jason Schaffer**,** Esq., New York, NY.

**FOR RESPONDENT:**             Ethan P. Davis, Acting Assistant Attorney
                                General, Civil Division; Anthony C. Payne,
                                Assistant Director; Judith R. O'Sullivan, Trial
                                Attorney, Office of Immigration Litigation,
                                United States Department of Justice,
                                Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bharat Chandra Banjade, a native and citizen of Nepal, seeks review of a January 7, 2020 decision of the BIA affirming an April 17, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Bharat Chandra Banjade,* No. A208 597 272 (B.I.A. Jan. 7, 2020), *aff'g* No. A208 597 272 (Immig. Ct. N.Y. City Apr. 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA's "opinion closely tracks the IJ's reasoning" without "expressly 'adopt[ing]'" it, we typically consider both opinions "for the sake of

completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Here, the agency denied relief on the basis of an adverse credibility finding. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account," and inconsistencies within and between an applicant's statements. *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on the cumulative effect of many inconsistencies between Banjade's testimony, a letter from his wife, and police reports, regarding such matters as who reported the 2013 and 2015 attacks to the

3

police, whether the police report of the 2015 attack was contemporaneous, whether his wife and father were also attacked in 2015, and how often his wife has relocated since he left Nepal. *See Xiu Xia Lin*, 534 F.3d at 167 (citing the significance of "the cumulative effect of th[e] inconsistencies"). The agency also reasonably relied on Banjade's omissions from the detailed written statement attached to his application. *Id.* Banjade's application did not mention filing a police report after the 2013 attack, his father's assault during the 2015 attack at their home, or telephonic death threats.

While the omission of threatening phone calls alone might be excusable, the agency reasonably relied on the other omissions, which were of sufficiently momentous events that an asylum applicant would be expected to include them in an application. *See Hong Fei Gao*, 891 F.3d at 78–79 (explaining that "applicants are not required to list every incident of persecution," but an IJ considers "whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"). Given the multiple inconsistencies and omissions, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was

4

dispositive of asylum, withholding of removal, and CAT relief.[1]

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] An adverse credibility determination with respect to an asylum claim does not doom a CAT claim if there is additional evidence of a likelihood of torture, such as reports on widespread torture in the alien's country of origin. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir. 2004).  But "a petition for CAT relief may fail because of an adverse credibility ruling rendered in the asylum context where the factual basis for the alien's CAT claim was the same as that rejected in his asylum petition." *Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).  The question is whether there is additional "objective evidence" that the alien is likely to be tortured, independent of the facts alleged in his asylum claim. *Ramsameachire*, 357 F.3d at 185.  On appeal, Banjade argues that there is, and he points to evidence he submitted to the IJ of general political unrest and violence in Nepal.  He did not, however, adequately raise this argument in his brief to the BIA, so he has failed to preserve it for our review. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).